UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RAY SHOEMAKER and RURAL HEALTHCARE
DEVELOPERS OF MISSISSIPPI, INC.                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:09cv645 DPJ-FKB

ROBERT L. ROBINSON, MICHAEL L. MORGAN,
and JOHN DOES 1-20                                                DEFENDANTS

## ORDER

This civil rights action is before the Court on Plaintiffs' motion to remand to state court [5] and Defendant Robinson's motion to strike [20]. The named defendants responded in opposition to the motion to remand. The Court, having considered the parties' submissions and pertinent authorities, concludes that Plaintiffs' motion should be denied and Defendant Robinson's motion should be denied as moot.

In their motion to remand, Plaintiffs argue that the notice of removal is defective because Defendant Michael L. Morgan did not join in the notice. Defendant Robinson argues that Morgan was not required to join because he was not properly served as of the date of removal. Whether he was properly served is the salient issue before the Court.

At the outset, it should be reiterated that the removal statutes are "to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Ultimately, the "party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

The removal procedure statute, 28 U.S.C. § 1446, has been interpreted to require that all then-served defendants join in the removal petition within thirty days of service on the first defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). Thus, a non-served defendant need not join in or consent to the removal petition. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939) (holding that one defendant may remove case where other defendants have not been served with process and have not appeared).

Whether Morgan was properly served is decided in light of Rule 4(c)(5) of Mississippi Rules of Civil Procedure, which states as follows:

> *Service by Certified Mail on Person Outside State.* In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by *certified mail*, *return receipt requested*. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "*restricted delivery*." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

(Emphasis added).

In the present case, Plaintiffs mailed the summons and complaint to a UPS Store Morgan used as his address in Southlake, Texas. The documents were mailed via certified mail, return receipt requested, to "Michael L. Morgan," and the certificate was marked "Restricted Delivery." UPS employee Jordan Gilliam signed the certificate. Defendant Robinson contends that because Gilliam signed, delivery was not actually "restricted." Def.'s Mem. at 2.

There is little doubt that Plaintiffs followed Rule 4(c)(5). However, the analysis does not stop with the finding that Plaintiffs properly mailed the process. The Court must decide whether service was perfected. More specifically, is service perfected under Rule 4(c)(5) when someone other than the defendant signs the receipt or rejects the letter. As discussed below, the Court

2

concludes that Rule 4(c)(5) does not provide for acceptance by a surrogate, and even if it did, the UPS employee was not authorized to do so and thus remand is not proper under either interpretation.

"The rules on service of process are to be strictly construed. If they have not been complied with, the court is without jurisdiction unless the defendant appears of his own volition." *Kolikas v. Kolikas*, 821 So. 2d 874, 878) (Miss. Ct. App. 2002) (internal citations omitted). Said differently, "It is the well settled rule that service of process on a non-resident defendant is jurisdictional requiring strict compliance with statutory procedures." *Birindelli v. Egelston*, 404 So. 2d 322, 323-24 (Miss. 1981) (citation omitted).

Looking at Rule 4(c)(5), there is nothing in the text of the rule specifically stating whether the signature of someone other than the defendant is sufficient to perfect service. The final sentence states that "[s]ervice by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked 'Refused.'" Miss. R. Civ. P. 4(c)(5). Again, though, this does not indicate whether the signature of someone other than the defendant, like an authorized agent, is sufficient. This ambiguity will be resolved by reference to the rules of construction. *See Diogenes Editions v. State*, 700 So. 2d 316, 320 (Miss. 1997) (rules of statutory construction apply to Mississippi Rules of Civil Procedure).

"The polestar consideration for this Court is legislative intent." *Capital One Servs., Inc. v. Page*, 942 So. 2d 760, 763 (Miss. 2006) (citation omitted). In this regard, it is the Court's "duty to interpret the statutes enacted by the Legislature, and to neither broaden nor restrict the legislative act." *Miss. Dep't of Transp. v. Allred*, 928 So. 2d 152, 156 (Miss. 2006). Significantly for this evaluation, "the omission of language from a similar provision on a similar

subject indicates that the legislature had a different intent in enacting the provisions, which it manifested by the omission of the language." *City of Natchez v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992).

Here, Rule 4(c)(5) is silent as to whether an agent may sign the return receipt. By contrast, Rule 4(d) expressly states that service upon a natural person when made "by sheriff or process server" may include "delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process." Miss. R. Civ. P. 4(d)(1)(A). The fact that this language appears just two sentences after Rule 4(c)(5) clearly demonstrates the drafters' recognition of the issue. Had they intended to allow an agent to sign the return receipt, then they could have either inserted the same Rule 4(d)(1)(A) language into Rule 4(c)(5) or included service by certified mail in Rule 4(d)(1)(A). They did neither, leaving the impression that service via certified mail on an out-of-state defendant must be delivered to the defendant, not a surrogate.[1]

Both parties cite cases that are not squarely on point. For example, Defendant cites *DeCarlo v. Bonus Stores, Inc*., where the court faced a similar question though raised in a different factual context. 413 F. Supp.2d 770 (S.D. Miss. 2006). There, the envelope was not marked "restricted delivery," and a member of the defendant's household signed the return receipt. Rejecting the argument that service on the household member was sufficient, the court held that the restricted delivery requirement exists to "alert[] the Post Office personnel

---

[1]The Court must avoid an interpretation that would cause absurd results. *Dawson v. Townsend & Sons, Inc*., 735 So. 2d 1131, 1140 (Miss. Ct. App. 1999). Here, it seems logical to adopt a more restrictive rule with respect to an out-of-state defendant the plaintiff elects to serve by mail, rather than in person.

attempting delivery that the person to whom it is addressed must either sign for it or refuse it."

*Id*. at 774.  More pertinent to the present case, the court also observed that "[t]he subsection

[4(c)(5)] of the rule does not allow service on a surrogate *as other subsections do*."  *Id*.

(emphasis added).

As Plaintiffs note, there are other cases from this district concluding that service under

Rule 4(c)(5) or similar statutes is sufficient when an authorized agent signs the return receipt.

The Court finds that *DeCarlo* offers a better construction as it is based on the actual language of

the rule.  Still, Plaintiffs' argument would fail even under the cases they cite and the construction

they urge.  For example, in *Illinois Central Gulf Railroad Co. v. Hampton*, Judge Tom Lee

examined Mississippi Code Annotated Section 13-3-63 (1986).  117 F.R.D. 588, 591 (S.D. Miss.

1987).  That statute allows service on the Secretary of State as to non-resident motorists,

provided the secretary sends a notice of service to the out-of-state defendant via certified mail

with restricted delivery.  Miss. Code Ann. § 13-3-63.  Judge Lee held that the notice could be

served on an authorized agent but noted that "the agency relationship, if one exists, must be for

the specific purpose of receiving service of process."  *Hampton*, 117 F.R.D. at 591 (citing 4A

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 1097 (2d ed.

1987)).

It is worth noting that the section of Wright & Miller's Federal Practice and Procedure

*Hampton* references actually deals with alternative methods for achieving personal service, not

service by mail.  Moreover, the authors observe that

> the mere fact that a person acts as the defendant's agent for some purposes does
> not necessarily mean that the person has authority to receive the summons and
> complaint. . . .  Thus, a financial agent, secretary, manager of the defendant's
> business, or even the defendant's attorney probably will not be deemed an agent

5

> appointed to receive process absent a factual basis for believing that an
> appointment of that type has taken place.

Wright & Miller, *supra*, § 1097. Instead, "there must be evidence that the defendant intended to

confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2)." *Id.* This

understanding is consistent with Mississippi law. *See, e.g.*, *Spurgeon v. Egger*, 989 So. 2d 901,

905-06 (Miss. Ct. App. 2007) (holding that, for service on receptionist to be valid, receptionist

must specifically be authorized to accept service of process).

Here, Plaintiffs submitted an affidavit from the UPS Store indicating that its employees

were authorized to sign for restricted delivery letters, but the affiant fails to state that those

employees were specifically authorized to accept service of process. Authorization to receive

letters and packages and authorization to serve as an agent for service of process are two vastly

different things. *Id.* In addition, when the UPS employee signed the subject return receipt, he or

she did not check the available boxes for "agent" or "addressee." The Court finds that the facts

will not support a finding that employees of the UPS Store were authorized to accept service of

process for Morgan.

As stated, Rule 4(c)(5) must be strictly construed. Service was not perfected, and

Morgan was not required to join in the notice of removal.[2] Plaintiffs' motion to remand is

denied.

---

[2]Plaintiffs alternatively argue that the notice of removal was defective even if Morgan was never served because the notice failed to explain why Morgan did not join. Plaintiffs rely on *Courtney v. Benetitto*, 627 F. Supp. 523, 526 (M.D. La. 1986). However, in *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), the Fifth Circuit rejected a similar argument, holding that if there was no need to obtain a co-defendant's consent, then there is no need for the removing defendant to explain the absence of consent.

Because the Court need not resolve the issues raised in Defendant Robinson's motion to strike, that motion is denied as moot.

**SO ORDERED AND ADJUDGED** this the 7th day of April, 2010.

s/ <i>Daniel P. Jordan III</i>
UNITED STATES DISTRICT JUDGE